UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                     )
                                           )
CAROLINE MARGARET HOUSTON                  )    Case No. 08-11848-SSM
                                           )    Chapter 13
           Debtor                          )

**MEMORANDUM OPINION**

Before the court is a certificate of exigent circumstances filed by the debtor in support of her request for deferment of the credit counseling required as a condition of filing a bankruptcy petition. Because the certificate does not show that the debtor requested credit counseling from an approved agency, but was unable to receive it within five days of the request, the deferment request must be denied, and the case must be dismissed.

This case was commenced on April 8, 2008, by the filing of voluntary petition for relief under chapter 13 of the Bankruptcy Code. Chapter 13 allows a financially-strapped debtor to propose and obtain confirmation of a plan by which she may repay her creditors over time under court protection and court supervision. Schedules, a statement of financial affairs, and a plan have not yet been filed. With her petition, the debtor filed a certification of exigent circumstances stating, "I am asking to file my case today because I will be evicted on 10 April, 2008 if I am not allowed the Court's protection." She goes on to state that she has a medical condition; that the homeless shelters are full; that she has paid the "plaintiff" (presumably the landlord) $2,000 as a show of good faith; and that she disagrees with the amount of the landlord's judgment and wishes this court to review her supporting documentation.

Among the far-reaching changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. §109(h)(1), Bankruptcy Code.  The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes exigent circumstances that merit a waiver" of the credit counseling requirement; (2) "states that the debtor *requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services...during the 5-day period beginning on the date on which the debtor made that request*;" and (3) "is satisfactory to the court." §109(h)(3)(A)(i)-(iii) (emphasis added).  The exemption, if granted, is effective for 30 days. §109(h)(3)(B).  In addition to deferring credit counseling for up to 30 days, the court has the power to exempt a debtor altogether from the counseling requirement, but only if the debtor is unable to complete the requirement because of mental incapacity, physical disability, or active military service in a military combat zone. § 109(h)(3)(B).

An impending eviction would generally qualify as an exigent circumstance.  *In re Childs*, 335 B.R. 623 (Bankr. D. Md. 2005).  The problem with the debtor's certification, however, is that it does not show that the debtor requested credit counseling from an approved agency but was unable to receive it within five days of the request.  The mere fact that an eviction might take place within the five day period is not sufficient—in effect, a debtor who waits until the last minute to seek counseling will not be exempt unless the agency is so backed up that it cannot

2

provide the counseling within five days of the request.  In the absence of a request for counseling services and the inability to receive it within five days of the request, the court cannot grant a deferment no matter how compelling the circumstances might otherwise be and has no choice but to dismiss the case.  *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005).

Dismissal of the case is without prejudice to the debtor filing a new case after she obtains the required counseling.  However, the debtor should be aware that if she files another case within one year of the dismissal of this case, the automatic stay of creditor actions that arises under § 362(a), Bankruptcy Code, will terminate 30 days after the filing of the petition unless, within that time, the debtor files, and the court grants, a motion to extend the automatic stay beyond the 30 day period.  *See* § 362(c)(3), Bankruptcy Code.

The debtor should also be aware that the automatic stay does not stay the eviction of a debtor from residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the landlord has obtained a judgment for possession before the date of the bankruptcy petition.  *See* § 362(b)(22), Bankruptcy Code.  However, a debtor can obtain a 30-day stay of the eviction proceedings by filing with the petition (and serving on the landlord) a certification under penalty of perjury that under nonbankruptcy law applicable in the jurisdiction, "there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession"[1] and by depositing with the clerk of the bankruptcy court any rent that would become due during the 30-day period after the filing of the bankruptcy petition. § 362(*l*), Bankruptcy Code.  If, during that 30-day period,

---

[1] Because the debtor did not file such a certification with her petition, the court need not decide whether Virginia law would allow a tenant, after entry of a judgment for possession in an unlawful detainer action, to cure the monetary defaults and thereby avoid eviction .

3

the debtor cures the <u>entire</u> amount of the default and files a certification to that effect under penalty of perjury, the automatic stay will continue in full force and effect as to the landlord. § 362(*l*)(2). In the event the landlord files an objection disputing either of the certifications, the court is required to hold a hearing within 10 days to resolve the dispute. § 362(*l*)(3), Bankruptcy Code.

      A separate order will be entered denying the request for deferment of credit counseling and dismissing the case.

Date: _____       _____
                                                            Stephen S. Mitchell
Alexandria, Virginia                                 United States Bankruptcy Judge

Copies to:

Caroline Margaret Houston
4425 Dixie Hill Road, Apt 104
Fairfax, VA 22030
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee